# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HOWARD G. DIAMOND | § | |
| | § | |
| vs. | § | Case No. 4:05cv375 |
| | § | (Judge Bush) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On this day came on for consideration Plaintiff Howard Diamond's Motion for Summary Judgment [Doc. No. 25]. Having considered the motion, Defendant United States of America's response and Plaintiff's reply, the Court is of the opinion the motion should be Granted in part and Denied in part.

### Background

Plaintiff filed his Complaint against the United States of America on September 27, 2005, seeking income tax refunds for the years of 1997, 1998, 1999 and 2000.

*1997*

Plaintiff obtained an extension of time to file his 1997 income tax return until October 15, 1998. Plaintiff claims that he filed his 1997 income tax return in January or early February of 1999. Plaintiff's 1997 income tax return was prepared by his tax advisor/attorney, Frederick O'Laughlin. Mr. O'Laughlin testified that he prepares between 160-180 income tax returns each year. Mr. O'Lauhglin averred that he personally mailed Plaintiff's 1997 income tax return to the IRS in January or early February of 1999 by certified mail, return receipt requested. Plaintiff submitted as summary judgment evidence a copy of a certified mail return receipt that was received by the IRS in Austin, Texas on February 25,

1999.  Neither the receipt for certified mail nor the return receipt from the IRS bears any indication that the document received by the IRS on February 25, 1999 was prepared and sent by Mr. O'Laughlin on behalf of Plaintiff.  The IRS's certified transcript of account provides that the IRS received Plaintiff's 1997 income tax return on September 22, 2003.  The IRS denied Plaintiff's claim on October 1, 2003.  Mr. O'Laughlin's billing records indicate that he performed 1.5 hours of work on Plaintiff's return on October 14, 1998 and 1.5 hours of work on Plaintiff's return on October 27, 1998.  Mr. O'Laughlin testified that 3 hours of work was sufficient to complete the preparation of Plaintiff's income tax return.  Mr. O'Laughlin also testified that he used the Prosystem FX System software to prepare Plaintiff's return, which he only uses for difficult returns and for high end returns.

*1998*

Plaintiff filed for and obtained an extension for filing his 1998 income tax return until October 15, 1999.  Plaintiff filed his 1998 income tax return on October 15, 2002.  The Account Transcripts submitted by Plaintiff as summary judgment evidence indicate that Plaintiff received a tax credit for 1998 in the amount of $37,727.00, which was applied to Plaintiff's 1999 income taxes.  The IRS's Certificate of Assessments, Payments and Other Specified Matters reflects that Plaintiff received a tax credit of $37,727.00 for 1998, which was applied to his 1999 income taxes.

*1999*

Plaintiff filed for and obtained an extension for filing his 1999 income tax return until October 16, 2000.   Plaintiff filed his 1999 income tax return on October 14, 2003.  On November 8, 2006 the IRS sent Plaintiff a notice of deficiency for the 1999 tax year in the

-2-

amount of $4,676.00.  On January 30, 2006, the United States Tax Court received Plaintiff

Howard G. Diamond's Petition disputing the deficiency of $4,676.00 and the penalties and

additions of $935.20, which were determined by the IRS for 1999 tax year.

***2000***

Plaintiff filed for and obtained an extension for filing his 2000 income tax return until

October 15, 2001.  Plaintiff filed his 2000 federal income tax return on or before April 15,

2004.  Plaintiff reported zero taxable income for 2000 and withholdings of $15,589.00.

### Summary Judgment Standard

The granting of summary judgment is proper if "there is no genuine issue as to any

material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P.

56(c).  The trial court must resolve all reasonable doubts in favor of the party opposing the

motion.  *Casey Enters. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)

(citations omitted).  The party seeking summary judgment carries the burden of demonstrating

that there is no actual dispute as to any material fact in the case.  This burden, however, does not

require the moving party to produce evidence showing the absence of a genuine issue of material

fact.  *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2554 (1986).  The moving party satisfies its

burden by "pointing out to the district court . . . that there is an absence of evidence to support the

nonmoving party's case."  *Id.*

Federal Rule of Civil Procedure 56 does not impose a duty on a district court to "sift

through the record in search of evidence to support a party's opposition to summary judgment."

*Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) (citations omitted).  Once the moving

party has satisfied its burden, the nonmovant must "set forth specific facts showing that there is a

genuine issue for trial." FED. R. CIV. P. 56(e).  Such nonmovant must also articulate the precise

manner in which evidence he sets forth supports his claims. *See Forsyth v. Barr,* 19 F.3d 1527,

1537 (5th Cir. 1994) (citation omitted).  Moreover, in designating specific facts, the nonmovant

must "'go beyond the pleadings'" and use "'his own affidavits, . . . deposition[s], answers to

interrogatories, and admissions on file.'" *Jones v. Sheehan & Young Culp, P.C.*, 82 F.3d 1334,

1338 (5th Cir. 1996) (citation omitted).[1]

If the nonmovant fails to set forth specific facts in support of allegations essential to that

party's claim and on which that party will bear the burden of proof, then summary judgment is

appropriate.  *Celotex*, 106 S. Ct.  at 2552-53.  Even if the nonmovant brings forth evidence in

support of its allegations, summary judgment will be appropriate unless there is sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the

evidence is merely colorable, or is not significantly probative, summary judgment may be

granted." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986) (citations omitted).

### Discussion

*1997 Federal Income Tax Return*

Plaintiff argues that he is entitled to a refund in the amount of $136,547.00 for the 1997

tax year.  Section 6511(a) of Title 26 of the United States Code provides:

> Claim for credit or refund of an overpayment of any tax imposed by this title in
> respect of which tax the taxpayer is required to file a return shall be filed by the
> taxpayer within 3 years from the time the return was filed or 2 years from the

---

[1] The Court also notes that Local Rule CV-56(b) states that a party's response to a summary judgment
motion should "be supported by appropriate citations to proper summary judgment evidence. . . ."  Local Rule CV-
56(c) further states that the Court will not "scour the record in an attempt to determine whether the record contains
an undesignated genuine issue of material fact for trial before entering summary judgment."

time the tax was paid, whichever of such periods expires later, or if no return
was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).  And subsection (b)(1) of section 6511 provides that "no credit or refund

shall be allowed or made after the expiration of the period of limitation prescribed in

subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund

is filed by the taxpayer within such period."  26 U.S.C. § 6511(b)(1).  Subsection (b)(2) bars

the refund of any claimed overpayment not paid within one of two applicable look-back

periods.  If the refund was filed within 3 years of filing the return as provided in subsection

(a), "the amount of credit or refund shall not exceed the portion of the tax paid within the

period, immediately preceding the filing of the claim, equal to 3 years plus any extension for

filing the return."  26 U.S.C. § 6511(b)(2)(A).  If the refund claim was not filed within three

years from the filing of the return, section 6511(b)(2)(B) limits the amount of refund to "the

portion of the tax paid during the 2 years immediately preceding the filing of the claim."

Plaintiff claims that he filed his income tax return and claim for refund sometime in

late January or early February of 1999.  In support of this claim, Plaintiff submitted a copy of

a certified mail return receipt sent to Mr. O'Laughlin, which reflects that the IRS received

something from Mr. O'Laughlin on February 25, 1999.  Section 7502(c) of Title 26 of the

United States Code provides that for any return sent by registered mail that registration is

prima facie evidence that the return was delivered to the agency to which it was addressed.

Defendant argues that the return receipt send to Mr. O'Laughlin on February 25, 1999 is not

sufficient to prove that Plaintiff's 1997 return was sent to the IRS in January or February of

1999, and that instead Plaintiff did not file his return and claim for refund until September of

2003, which falls outside the statutory period.

The Court is of the opinion that a question of fact exists as to whether Plaintiff filed his 1997 return and claim for refund in February of 1999.  While Plaintiff did submit a return receipt from the IRS dated February 25, 1999 and addressed to Mr. O'Laughlin, the return receipt did not indicate in any manner to which client of Mr. O'Laughlin's the receipt pertained.  Mr. O'Laughlin testified that he prepared between 160-180 returns per year; therefore a return receipt that did not identify a client or document could have been received by Mr. O'Laughlin for any of the clients to which he provided services in 1999.  Mr. O'Laughlin's billing records indicated that prior to February of 1999, he spent 3 hours in October of 1998 preparing Plaintiff's return.  Mr. O'Laughlin also testified that he used expensive software to prepare Plaintiff's returns, which he only uses to prepare high end and difficult returns.  Further, the IRS's certificate of assessments and payments, Form 4340, reflects that the IRS did not receive Plaintiff's 1997 return and claim for refund until September 22, 2003, which is outside the statutory time for receiving a refund for Plaintiff's 1997 overpayments.  *See Range v. United States*, 245 B.R. 266, 273 (S.D. Tex. 1999) (finding "[a] certificate of assessments and payments offered in evidence by the IRS has been held to be presumptive proof of a valid assessment where the taxpayer did not present evidence to counter the presumption").  Because a question of fact exists as to when Plaintiff filed his return and claim for refund for the 1997 tax year, Plaintiff's motion for summary judgment as to his 1997 claim for refund should be denied.

***1998 Federal Income Tax Return***

Plaintiff argues that he is entitled to a refund in the amount of $37,727.00 for the 1998 tax year. Plaintiff filed his 1998 federal income tax return on October 15, 2002.  The evidence submitted by both Plaintiff and Defendant reflects a credit for 1998 in the amount of $37,727; however, the evidence also reflects that this amount ($37,727.00) was applied to Plaintiff's 1999 income taxes.  Accordingly, Plaintiff's motion for summary judgment as to his 1998 claim for refund should be denied.

***1999 Federal Income Tax Return***

Plaintiff argues that he is entitled to a refund in the amount of $91,504.00 for the 1999 tax year. Plaintiff filed his 1999 income tax return on October 14, 2003.  On November 8, 2006, the IRS sent Plaintiff a notice of deficiency for the 1999 tax year in the amount of $4,676.00.  On January 30, 2006, the United States Tax Court received Plaintiff Howard G. Diamond's Petition disputing the deficiency of $4,676.00 and the penalties and additions of $935.20, which were determined by the IRS for the 1999 tax year.  Under section 6214 of Title 26 of the United States Code, once a petition has been filed in the United States Tax Court, the Tax Court has jurisdiction to determine the amount of the deficiency. Plaintiff filed a petition with United States Tax Court, thus invoking the Tax Court's jurisdiction, and Plaintiff's claim in the Tax Court is still pending.  Accordingly, this Court is without jurisdiction to determine whether Plaintiff is entitled to a refund for the 1999 tax year, and Plaintiff's motion for summary judgment should be denied.

*2000 Federal Income Tax Return*

Plaintiff argues that he is entitled to summary judgment on his claim for refund in the amount of $15,589.00 for the 2000 tax year.  Plaintiff filed his 2000 federal income tax return on April 15, 2004.  Plaintiff's 2000 return indicates that he is entitled to a $15,589.00 refund for overpayment of taxes based on an income tax liability of zero.  Defendant did not issue a disallowance of the claim and has failed to produce any summary judgment evidence or argument disputing Plaintiff's 2000 claim for refund.  Accordingly, Plaintiff's motion for summary judgment should be granted as it pertains to 2000, and Plaintiff shall recover from Defendant the amount of $15,589.00.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied as to Plaintiff's claims for refund for the years of 1997, 1998 and 1999.  Plaintiff's motion for summary judgment as to his claim for refund for the 2000 tax year is granted and Plaintiff shall recover the amount of $15,589.00 from Defendant.

It is so ORDERED.

**SIGNED this 8th day of December, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE